# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

### CASE NO. 1:17-cv-511

NOVANT HEALTH, INC.,

               Plaintiff,

vs.

FEDERAL INSURANCE COMPANY, INC.
and TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,

               Defendants.

## ANSWER WITH COUNTERCLAIMS OF DEFENDANT
## FEDERAL INSURANCE COMPANY

COME NOW defendant, Federal Insurance Company, by and through its undersigned counsel of record, and answers plaintiff's Complaint and Jury Demand (the "Complaint") as follows:

1.      Admitted in part; denied in part.  Defendant admits only that plaintiff is headquartered in Winston-Salem, North Carolina. Defendant lacks information sufficient to form a belief regarding the truth of the remainder of the allegations in paragraph 1 of plaintiff's complaint, which therefore are denied.

2.      Admitted in part; denied in part.  It is admitted that Federal Insurance Company is an insurance company licensed to do business in North Carolina.  It is denied that Federal's principal place of business is in Warren, New Jersey; rather, Federal's principal place of business is in Whitehouse Station, New Jersey.

3.     Denied.  The allegations in paragraph 3 pertain to another defendant about which this defendant lacks knowledge and are therefore denied.

4.     Admitted in part; denied in part.  Defendant admits only that Defendant is subject to personal jurisdiction in North Carolina with respect to this action and that it has issued multiple insurance policies, including the policies referred to in plaintiff's complaint, in North Carolina. Defendant lacks information sufficient to form a belief regarding the truth of the remainder of the allegations in paragraph 4 of plaintiff's complaint, which therefore are denied.

5.     Admitted.

6.     Admitted.

7.     Admitted in part; denied in part.  It is admitted only that venue is proper in this district.  The remainder of the allegations contained in paragraph 7 of plaintiff's complaint are denied.

8.     Admitted in part; denied in part.  If is admitted only that the Kruger Lawsuit involved two retirement plans sponsored by Novant for its employees, which are collectively referred to as the "Plan."

9.     Denied.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 9 of plaintiff's complaint, which are therefore denied.

10.     Denied.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 10 of plaintiff's complaint, which are therefore denied.

11.     Denied.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 11 of plaintiff's complaint, which are therefore denied.

12.     Denied.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 12 of plaintiff's complaint, which are therefore denied.

13.     Denied.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 13 of plaintiff's complaint, which are therefore denied.

14.     Admitted in part; denied in part.  It is admitted only that Great-West provided certain recordkeeping services to the Plan.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of plaintiff's complaint, which are therefore denied.

15.     Admitted in part; denied in part.  It is admitted only that DLD purported to provide certain enrollment, communication, and investment education services to or on behalf of Novant.  Defendant lacks information sufficient to form a belief regarding the truth of the remainder of the allegations in paragraph 15 of plaintiff's complaint, which therefore are denied.

16.     Admitted in part; denied in part.  It is admitted only that, pursuant to an independent contract between plaintiff and DLD, plaintiff periodically paid sums it owed to DLD.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of plaintiff's complaint.

17.     Denied.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 17 of plaintiff's complaint, which are therefore denied.

18.     Denied.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 18 of plaintiff's complaint, which are therefore denied.

19.     Denied.

20.     Denied.

21.     Admitted in part; denied in part.  Defendant admits only that Defendants issued to plaintiff certain insurance policies, subject to their terms and conditions, with stated combined

limits of $25 million. Defendant denies the remainder of the allegations in paragraph 21 of plaintiff's complaint.

22.     Admitted.

23.     Denied. Paragraph 23 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

24.     Admitted in part; denied in part.  Defendant admits that plaintiff has paraphrased certain isolated terms from the Policy, which are set forth completely and in context within the Policy.  Defendant denies the other allegations contained within paragraph 24 of plaintiff's complaint.

25.     Admitted in part; denied in part.  Defendant admits that plaintiff has correctly quoted certain isolated terms from the Policy, which are set forth completely and in context within the Policy.  Defendant denies the other allegations contained within paragraph 25 of plaintiff's complaint.

26.     Admitted in part; denied in part.  Defendant admits that plaintiff has correctly quoted certain isolated terms from the Policy, which are set forth completely and in context within the Policy.  Defendant denies the other allegations contained within paragraph 26 of plaintiff's complaint.

27.     Admitted in part; denied in part.  Defendant admits that plaintiff has correctly quoted certain isolated terms from the Policy, which are set forth completely and in context within the Policy.  Defendant denies the other allegations contained within paragraph 27 of plaintiff's complaint.

28.     Admitted in part; denied in part.  Defendant admits that plaintiff has correctly quoted certain isolated terms from the Policy, which are set forth completely and in context

4

within the Policy.  Defendant denies the other allegations contained within paragraph 28 of plaintiff's complaint.

29.     Admitted in part; denied in part.  Defendant admits that plaintiff has correctly quoted certain isolated terms from the Policy, which are set forth completely and in context within the Policy.  Defendant denies the other allegations contained within paragraph 29 of plaintiff's complaint.

30.     Denied. Paragraph 30 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

31.     Admitted in part; denied in part.  It is admitted only that the policy is subject to a $100,000 self-insured retention and states a limit of $15 million, which has been reduced by payments by defendant.  The remainder of the allegations in paragraph 31 of plaintiff's complaint state legal conclusions which require no response and are therefore denied.

32.     Admitted in part; denied in part.  It is admitted that Exclusion 4(m) is contained in the Policy and bars coverage for plaintiff's claims. The remainder of the allegations in paragraph 32 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

33.     Admitted in part; denied in part.  Defendant admits that plaintiff has correctly quoted certain isolated terms from the Policy, which are set forth completely and in context within the Policy.  Defendant denies the other allegations contained within paragraph 33 of plaintiff's complaint.

34.     Admitted in part; denied in part.  Defendant admits that plaintiff has correctly quoted certain isolated terms from the Policy, which are set forth completely and in context

within the Policy. Defendant denies the other allegations contained within paragraph 34 of plaintiff's complaint, which state a legal conclusion and require no response.

35.    Admitted.

36.    Denied. Paragraph 36 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

37.    Denied. Paragraph 37 asserts legal conclusions which require no defense and are therefore denied.

38.    Admitted.

39.    Admitted in part; denied in part. Defendant admits that it issued insurance policies to plaintiff during the stated time period. Defendant lacks information sufficient to form a belief as to the truth of plaintiff's allegations regarding whether anyone ever had a question or objection concerning "this practice," and therefore denies such allegations. Defendant denies the remainder of the allegations contained within paragraph 39 of plaintiff's complaint. Defendant's investigation is continuing.

40.    Admitted.

41.    Denied.

42.    Admitted in part; denied in part. Defendant admits that plaintiff has paraphrased certain isolated allegations from the Kruger Lawsuit, which are set forth completely and in context within the pleadings. Defendant denies the remainder of the allegations contained within paragraph 42 of plaintiff's complaint.

43.    Admitted in part; denied in part. It is admitted only that the law firm of Morgan, Lewis, and Bockius was engaged to defend Novant in the Kruger Lawsuit and that the costs paid

6

by Chubb for Novant's defense eroded the limit of liability available under the Policy. The remainder of the allegations in paragraph 43 of plaintiff's complaint are denied.

44.     Admitted in part; denied in part. It is admitted only that the referenced dollar figures were employed by Morgan Lewis in certain analyses. The remainder of the allegations in paragraph 44 are denied inasmuch as the bases on which and purposes for which Morgan Lewis employed the figures involved factors and considerations not stated in the allegations in paragraph 44.

45.     Admitted in part; denied in part. Defendant denies it paid $1.4 million in defense costs as of April 2015 and that the available limits had been reduced to $13.6 million. The remaining allegations in paragraph 45 of plaintiff's complaint are admitted.

46.     Denied.

47.     Admitted in part; denied in part. It is admitted only that the referenced dollar figures were employed by Morgan Lewis in certain analyses. The remainder of the allegations in paragraph 47 are denied inasmuch as the bases on which and purposes for which Morgan Lewis employed the figures involved factors and considerations not stated in the allegations in paragraph 47.

48.     Admitted.

49.     Denied.

50.     Admitted in part; denied in part. Defendant denies that Morgan Lewis advised plaintiff to enter into the settlement. Defendant denies plaintiff's characterization of the Kruger Settlement, the terms of which speak for themselves. Defendant admits the allegations in paragraph 50 of plaintiff's complaint as to the dollar amount of the settlement and that it included a release of plaintiff.

51.     Denied.

52.     Denied.

53.     Admitted in part; denied in part.  Defendant admits that public policy supported one ground on which defendant denied coverage and that it was demonstrated that Novant's insurance claim related to amounts Novant was not legally entitled to receive or sought coverage for disgorgement of an ill-gotten gain.  Defendant admits it reserved rights based upon multiple grounds.  Defendant otherwise denies plaintiff's characterization of defendant's communications with regard to coverage under the policy and thus denies the remainder of the allegations in paragraph 53 of plaintiff's complaint.

54.     Denied.

55.     Admitted in part; denied in part.  It is admitted that, among other things, the Department of Labor analyzed Novant's payment practices and did not find fault with them in their entirety.  The remainder of the allegations in paragraph 55 of plaintiff's complaint state a legal conclusion which requires no response and is therefore denied.

56.     Denied.

57.     Denied.

58.     Denied. Paragraph 58 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

59.     Denied. Paragraph 59 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

60.     Denied.  The allegations in paragraph 60 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond and as to which it lacks information sufficient to form a belief as to the truth of the allegations.

8

61.     Denied.

62.     Denied.

63.     Denied.

64.     Admitted in part; denied in part.  Defendant admits that plaintiff has correctly paraphrased isolated terms from communications between defendant and plaintiff, which are set forth completely and in context within those communications.  Defendant denies the other allegations contained within paragraph 64 of plaintiff's complaint.

65.     Denied.

66.     Denied.

67.     Denied. Paragraph 67 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

68.     Denied. Paragraph 68 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

69.     Denied. Paragraph 69 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

70.     Admitted in part; denied in part.  Defendant denies that it refused to acknowledge any existing coverage obligation for the Kruger Settlement.  The remaining allegations in paragraph 70 of plaintiff's complaint are admitted.

71.     Denied.  The allegations in paragraph 71 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond and as to which it lacks information sufficient to form a belief as to the truth of the allegations.

72.     Denied.  Defendant lacks information sufficient to form a belief regarding the truth of the allegations contained in paragraph 72 of plaintiff's complaint, which are therefore denied.

73.     Denied. Paragraph 73 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

74.     The preceding responses are incorporated as if stated fully herein.

75.     Denied. Paragraph 75 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

76.     Denied.

77.     The preceding responses are incorporated as if stated fully herein.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     The preceding responses are incorporated as if stated fully herein.

85.     Denied.  The allegations in paragraph 85 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

86.     Denied.  The allegations in paragraph 86 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

87.     Denied.  The allegations in paragraph 87 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

88.     Denied.  The allegations in paragraph 88 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

89.     Denied.  The allegations in paragraph 89 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

90.     Denied.  The allegations in paragraph 90 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

91.     The preceding responses are incorporated as if stated fully herein.

92.     Denied. Paragraph 92 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     The preceding responses are incorporated as if stated fully herein.

97.     Denied.  The allegations in paragraph 97 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

98.     Denied.  The allegations in paragraph 98 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

99.     Denied.  The allegations in paragraph 99 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

100.    Denied.  The allegations in paragraph 100 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

101.    The preceding responses are incorporated as if stated fully herein.

102.    Denied.

103.    Denied. Paragraph 103 of plaintiff's complaint states a legal conclusion which requires no response and is therefore denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    The preceding responses are incorporated as if stated fully herein.

108.    Denied.  The allegations in paragraph 108 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

109.    Denied.  The allegations in paragraph 109 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

110.    Denied.  The allegations in paragraph 110 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

111.    Denied.  The allegations in paragraph 111 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

112.    Denied.  The allegations in paragraph 112 of plaintiff's complaint concern another defendant with regard to which this defendant is not required to respond.

WHEREFORE, Defendant requests that the Court:

1.    Order a trial by jury of all of plaintiff's claims that are so triable;

2.    Enter judgment against plaintiff on all plaintiff's claims;

3.    Award such other and further relief as the Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

113.    Defendant Federal Insurance Co. ("Federal") incorporates by reference each and every response contained in paragraphs 1 through 112 of this Answer.

114.    Plaintiff's complaint fails to state a claim upon which relief can be granted. Count I fails to identify any basis for or ground for the declaratory relief sought as to this defendant.  Count II, among other things, including for the reasons set forth in defendant's other affirmative defenses, fails to state facts demonstrating that the claim was first made during the policy period, and states facts in paragraphs 13-20 and 25-26 that Novant seeks coverage for disgorgement of ill-gotten gains, for amounts which do not constitute covered "Loss," as required under the Policy.  The complaint fails to allege facts showing that any conduct of Federal was the proximate cause of any alleged damages.

115.    Exclusion 4(m) in the Policy provides in pertinent part that Federal "shall not be liable for Loss on account of any Claim against an Insured: … based upon, arising from, or in consequence of:

> (i)      the committing in fact of any dishonest or fraudulent act or omission or any willful violation of a statute or regulation by such Insured, if a final judgment or final adjudication in any proceeding establishes such a deliberately fraudulent act or omission or willful violation; or
>
> (ii)     such insured having gained in fact any profit, remuneration or advantage to which such Insured was not legally entitled, if a final judgment or final adjudication in any proceeding establishes the gaining of such a profit, remuneration or advantage . . . ;

13

116.    Insofar as it is or shall be established that the claim for which plaintiff seeks coverage was the result of conduct excluded by Exclusion 4(m), no coverage is afforded under the Policy.

117.    Plaintiff's claims seek to recover insurance for conduct that is contrary to or offends the public policy of North Carolina and are therefore not recoverable.

118.    Pleading in the alternative, plaintiff's claims are barred by Section 11(c) of the Policy insofar as plaintiff made an offer to settle the Kruger Action without Federal's prior written consent.

119.    Paragraph 5(b) of the Policy states:

5.    The Company shall not be liable for **Loss,** other than D**efense Costs:**

(a)    which constitutes the return or reversion to an employer of any contribution or asset of a **Plan**;

(b)    which constitutes:

(i)    benefits due to become due under any **Plan**; or

except to the extent that:

(A)    an **Insured** is a natural person and the benefits are payable by such **Insured** as a personal obligation; and

(B)    recovery for the benefits is based upon a covered **Wrongful Act**; or

(c)    which is based upon, arising from, or in consequence of the failure to collect an employer's contributions owed to a **Plan** unless the failure is because of the negligence of any **Insured**.

14

120. Plaintiff's claims are barred under paragraph 5(b) of the Policy insofar as the Kruger settlement reflected any benefits due or potentially due under the Novant Plan.

121. Plaintiff's claims are barred in whole or in part by the respective statutes of limitations for torts, breach of contract, declaratory relief, and statutory claims.

122. Plaintiff's claims are barred or reduced because plaintiff failed to mitigate, minimize, or avoid any damages allegedly sustained, or because plaintiff made payments that were voluntary or otherwise not representative of an actual legal liability covered under the Policy.

123. Plaintiff's claims are barred because the Kruger settlement in the amount of $32 million was unwarranted excessive, unreasonable, and driven by improper motives by Novant.

124. Any penalty imposed by N.C. Gen. Stat. § 75-16 may constitute an unconstitutional violation of defendant's substantive due process rights.

125. Federal did not have any duty to settle the Kruger claim, and thus plaintiff has suffered no loss caused by any breach of duty by Federal.

126. Pleading in the alternative, coverage is barred insofar as plaintiff breached any duty of cooperation under the Policy pursuant to Section 11(d) of the Policy.

127. Coverage is not available under the Policy insofar as all conditions precedent and subsequent to coverage have not been fulfilled.

128. To the extent plaintiff seeks punitive damages or penalties, such a claim would be barred under the United States Constitution, as well as because Federal did not act with any malice or reckless indifference, but rather acted in good faith. Further, such claims are barred under N.C. GEN. STAT. §1D-1, *et seq.* Defendants pleads all defenses, rights, remedies,

immunities, and limits set forth in N.C. GEN. STAT. §1D-1, *et seq.* in bar of plaintiff's right to recover punitive damages.

129. Plaintiff's misrepresentation claims fail because plaintiff did not detrimentally rely on any representation of Federal.

## COUNTERCLAIMS OF DEFENDANT

130. Defendant Federal Insurance Company incorporates by reference all preceding paragraphs as if specifically reiterated herein, and files these, its Counterclaims, against Novant.

## JURISDICTION AND VENUE

131. There is complete diversity between plaintiff and defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. For purposes of diversity, Federal is a citizen of New Jersey, Novant is a citizen of North Carolina, and Travelers is a citizen of Connecticut. Federal seeks a judgment for its reimbursement claim against Novant that exceeds $75,000.

132. This Court has jurisdiction over this action pursuant to diversity of citizenship under 28 U.S.C. § 1332.

133. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Novant is a citizen of, has its principal place of business in, and conducts business in, and may be found in, this district, Novant solicited the subject insurance policy from this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

16

## Novant's extraction of sums from Plan assets

134.     Dating back to at least the 1990s, Novant and certain of its executives formed a commercial alliance with Derrick L. Davis, a real estate investor and broker.

135.     During this time period and thereafter, Davis, through entities he owned or controlled, engaged in multiple dealings with Novant or certain of its executives for their mutual benefit.

136.     Davis, foreseeing opportunities with companies such as Novant, formed an entity called D.L. Davis & Company, Inc. ("DLD"), purportedly to provide participant enrollment, communication, and investment education services for retirement plan members, including Novant plan members.

137.     Federal is informed and therefore believes that DLD did not perform services for Novant Plan members warranting the level of fees paid to DLD.

138.     Nevertheless, Novant and those executives who benefitted from the other Novant-Davis business dealings, agreed to a contract with DLD, purportedly for DLD to provide certain educational and enrollment services on behalf of Novant to Plan participants.  (The "Novant-DLD Contract").  Under the Novant-DLD Contract, Novant agreed to pay to Davis specified amounts.  The amount Novant agreed to pay to DLD far exceeded the value of DLD's services.

139.     As alleged above, the Novant-DLD contract obligated Novant to pay to DLD a specified sum each month.  While this amount was far in excess of the value of DLD's services, Federal is informed and therefore believes that Novant and certain Novant executives benefitted from the Novant-DLD Contract insofar as it incentivized Davis to engage in separate business dealings with, and contributions to them, to their financial advantage.  Thus, the Novant-DLD

17

Contract resulted in financial advantages and monetary gains to Novant and certain Novant executives.

140.    However, despite these benefits, Novant separately arranged to further compensate itself.  Novant did so in the course of extracting money from the assets of the Plan (which had no contractual relationship with DLD and thus no obligation to pay DLD anything). Moreover, Novant did not merely extract from the Plan an amount of money representative of services provided on behalf of Novant to Plan participants; rather, Novant took excessive amounts to which it had no legal entitlement.  Federal is informed and therefore believes that these amounts were in excess of any legitimate reimbursement for any purported "advances."

**Claim Reporting Requirements Under Federal's Insurance Policy**

141.    No later than 2008, Federal began to issue to Novant annual insurance coverage on a "claims made" basis.

142.    Among other things, such policies required plaintiff to inform the Insured of a Claim as soon as practicable.

143.    Beginning prior to 2009, the Federal policies have defined "Claim" to include, among other things: "(a)… written notice of commencement of a fact-finding investigation by the U.S. Department of Labor …," and (b) a written demand for "monetary damages" or for "non-monetary relief."

144.    Federal is informed, and therefore believes, that prior to 2013 the U.S. Department of Labor commenced one or more fact-finding investigations of Novant and its employee savings plans (the "DOL Investigation").  Federal is informed, and therefore believes, that the subject of the DOL Investigation included inquiry into breaches of responsibilities, obligations, or duties imposed on Novant by ERISA, and negligent acts, errors or omissions in

18

the administration of the Novant Plan, as well as other matters for which Novant is subject to legal action by reason of Novant's services as a fiduciary of the Plan.

145.    Federal further is informed, and therefore believes, that the DOL Investigation included inquiry into the appropriateness of the fees which Plan participants were caused to pay. Federal further is informed, and therefore believes, that the DOL Investigation included inquiry into Novant's practice of paying itself from Plan assets.

146.    Despite having been notified in writing of such a DOL Investigation, and despite knowing that such an investigation was a "Claim" that Novant was obligated to timely report to Federal, Novant failed to disclose such DOL Investigation to Federal.

## The Related Kruger Action

147.    Subsequently, the Novant Plan came under investigation from a new source: class action attorneys with the law firm of Schlichter, Bogard & Denton.

148.    After investigating Novant for an extensive period, the class action attorneys filed suit on behalf of the Kruger class of plaintiffs, in March 2014. Federal is informed, and therefore believes, that the Kruger Action complaint's allegations are: (a) based upon, arising from, or in consequence of the same or related facts, circumstances, situations, transactions, or events that were the subject of the DOL Investigation (or arose from or are in consequence of the DOL investigation itself), or (b) involve the same or related series of facts, circumstances, situations, transactions or events that were the subject of the DOL investigation, or (c) both of the foregoing.

## Settlement by Novant of the Kruger Action with Sums Advanced by Federal

149. At a preliminary stage in the litigation, Novant elected to settle the Kruger Action for $32 million. Novant obtained a release from the Kruger plaintiffs.

150. The Kruger Action then was dismissed, and Novant's defense of the Kruger Action ceased.

151. Federal is informed and therefore believes that Novant's decision to pay $32 million to settle the Kruger Action was motivated by its concern regarding the facts pertaining to, among other things, the financial relationships among Novant, certain Novant executives, and Derrick L. Davis. Federal objected to being forced to pay the cost of remedying such concerns.

152. Subject to a full reservation of rights, including a reservation of the right to seek reimbursement from Novant, Federal advanced $4 million to Novant for the settlement.

## Federal's Claim for Reimbursement

153. For multiple reasons, there is no coverage under the Federal Policy for Novant's insurance claims relating to the Kruger Action settlement.

154. The Federal policy only provides coverage for a Claim that is "first made" within the policy period. The DOL Investigation which would have begun prior to the policy period was a Claim that was made prior to the policy period.

155. The Federal policy provides, in pertinent part:

> (f)     All **Related Claims** shall be treated as a single **Claim** first
>
> made on the date earliest of such **Related Claims** was first
>
> made, or on the date the earliest of such **Related Claim** is treated
>
> as having been made in accordance with Subsection 10(b) of this

coverage section, regardless of whether such date is before or

during the **Policy Period**.

156.     Pursuant to the Related Claims provisions of the Policy, the Kruger Action claim

is deemed to have been first made at the time of the DOL Investigation Claim, prior to the policy

period.  Accordingly, the Policy affords no coverage for the Kruger Action claim.

157.     In addition, a portion of Novant's settlement payment in regard to the Kruger

Action constitutes disgorgement of an ill-gotten gain, which is not a "Loss" under the Policy.

Novant was legally obligated to refrain from extracting payment from the Plan in amounts that

were excessive and thus in violation of ERISA, a federal law.  When Novant nevertheless

extracted such payment, it took money that belonged to the Plan and unjustly enriched itself.

When Novant paid back those amounts in settlement, Novant disgorged those sums back to the

rightful owners thereof, so Novant merely was restored to the position it would have been in had

it refrained from taking unlawfully excessive amounts from Plan assets.

158.     Furthermore, Novant's settlement payments fall within Exclusion 4(m) of the

Policy.  Exclusion 4(m) provides, in pertinent part, that the Policy does not cover any claim

based upon, arising from, or in consequence of:

> (i)     any deliberately fraudulent act or omission or any willful
>
> violation of any statute or regulation by such **Insured**, if a final
>
> judgment or final adjudication in any proceeding establishes such a
>
> deliberately fraudulent act or omission or willful violation; or
>
> (ii)    such **Insured** having gained any profit, remuneration or
>
> other advantage to which such **Insured** was not legally entitled, if

a final judgment or final adjudication in any proceeding establishes

the gaining of such a profit, remuneration or advantage . . .

159.    In this action, Federal will establish that Novant's claims fall within Exclusion 4(m) or are otherwise not covered.

160.    Federal's $4 million advance with respect to the Kruger Action settlement was neither officious nor gratuitous, and conferred a measurable benefit on Novant.

161.    Novant consciously accepted the foregoing benefit, subject to Federal's explicit reservation of its right to seek reimbursement.

162.    Accordingly, Federal's $4 million payment to Novant has unjustly enriched Novant. Novant is not legally entitled to retain such amounts, which Federal advanced on Novant's behalf.

163.    In these circumstances, principles of equity and law require Novant to reimburse Federal.

164.    Furthermore, the policy terms implicitly afford Federal a right of reimbursement from Novant.  Having reserved the right to such reimbursement, Federal is entitled to a judgment in its favor on its affirmative claim for damages.

165.    In addition, Novant's settlement payment was unreasonably high, and not based upon Novant's actual legal liability arising from the Kruger Action.

WHEREFORE, Federal is entitled to judgment in its favor and against plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Federal prays that this Honorable Court:

1.    Enter judgment in favor of defendant Federal Insurance Co. and against plaintiff.

2.      Enter judgment that plaintiff must pay to Federal $4 million, as well as prejudgment and post-judgment interest.

3.      Attorney's fees awarded under N.C.G.S. §§1D-45 and N.C.G.S. §75-16.1(2).

4.      Dismiss plaintiff's complaint with prejudice.

5.      Award to Federal such other and further relief as this Court deems proper and just.

                                        COZEN O'CONNOR

Dated:  June 23, 2017              By:     */s/Tracy L. Eggleston*
                                        Tracy L. Eggleston (1856)
                                        301 South College Street, Suite 2100
                                        Charlotte, NC 28202
                                        (704) 376-3400
                                        teggleston@cozen.com
                                        *Attorneys for Defendant,*
                                        *Federal Insurance Company*

                                        Richard C. Mason (admitted *pro hac vice*)
                                        One Liberty Place
                                        1650 Market Street, Suite 2800
                                        Philadelphia, PA  19103
                                        (215) 665-2717
                                        rmason@cozen.com
                                        Attorneys for Defendant,
                                        Federal Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *ANSWER* in the above-captioned

matter was served via the Court's ECF system this 23rd day of June, 2017 as follows:


L. D. Simmons, II
Joshua D. Davey
McGuire Woods LLP
201 N. Tryon St., Ste. 3000
Charlotte, NC 28202
ldsimmons@mcguirewoods.com
jdavey@mcguirewoods.com
***Counsel for Plaintiff***

Alexis J. Rogoski
Skarzynski Black LLC
One Battery Park Plaza, 32nd Floor
New York, NY 10004
arogoski@skarzynski.com


C. Grainger Pierce Jr.
Kathleen Burchette
Nexsen Pruet, LLC
227 W. Trade St., Ste. 1550
Charlotte, NC 28202
gpierce@nexsenpruet.com

***Counsel for Defendant Travelers Casualty and Surety Company of America***


*/s/ Tracy L. Eggleston*
Tracy L. Eggleston


24