# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

### Case No. 1:17-cv-00511

---------------------------------------------------------------------x

| | |
|---|---|
| NOVANT HEALTH, INC. | ) |
| | ) |
| Plaintiff, | ) **DEFENDANT** |
| | ) **TRAVELERS** |
| -v- | ) **CASUALTY AND** |
| | ) **SURETY COMPANY** |
| FEDERAL INSURANCE COMPANY, INC., and | ) **OF AMERICA'S** |
| TRAVELERS CASUALTY AND SURETY | ) **ANSWER TO THE** |
| COMPANY OF AMERICA, | ) **COMPLAINT,** |
| | ) **AFFIRMATIVE** |
| Defendants. | ) **DEFENSES, AND** |
| | ) **COUNTERCLAIM** |

---------------------------------------------------------------------x

Defendant Travelers Casualty and Surety Company of America ("Defendant" or "Travelers"), by and through its attorneys, responds to the Complaint of Plaintiff Novant Health, Inc. ("Novant"). On knowledge, information and belief, Defendant answers the allegations contained in the Complaint as follows. Each and every allegation of the Complaint not specifically admitted below is denied.

## ANSWER TO "INTRODUCTION"

As to the "Introduction", Defendant admits that, upon information and belief, Plaintiff has filed a lawsuit against Defendant and Federal Insurance

Company, Inc. ("Federal") and purports to assert a number of claims against both of them. Except as admitted, the Introduction is denied.

## ANSWER TO ENUMERATED PARAGRAPHS

### AS TO "PARTIES, JURISDICTION, AND VENUE"

1.     Paragraph 1 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

2.     Paragraph 2 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

3.     Paragraph 3 is admitted.

4.     Defendant avers that the first sentence of Paragraph 4 is a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in the first sentence of Paragraph 4. Defendant admits that Travelers issued an insurance policy to Novant in North Carolina. The remainder of Paragraph 4 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

5.     Paragraph 5 is a conclusion of law to which no response is required. To the extent a response is required, Paragraph 5 is denied.

6.     Paragraph 6 is a conclusion of law to which no response is required. To the extent a response is required, Paragraph 6 is admitted.

7.     Paragraph 7 is a conclusion of law to which no response is required.  To the extent a response is required, Paragraph 7 is admitted.

<u>AS TO "FACTUAL ALLEGATIONS"</u>

**A.  Novant's Retirement Plan**

8.     Paragraph 8 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

9.     Paragraph 9 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

10.    Paragraph 10 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

11.    Paragraph 11 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

12.    Paragraph 12 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

13.    Paragraph 13 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

14.    Paragraph 14 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

15.    Paragraph 15 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

16.     Answering Paragraph 16, Defendant avers that the relationship between Novant and DLD[1] is governed by Novant and DLD's agreement or agreements, which in their entirety speak for themselves.  Defendant denies the allegations in Paragraph 16 to the extent they are inconsistent with any agreements between Novant and DLD, and otherwise denies the allegations in Paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

17.     Paragraph 17 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

18.     Answering Paragraph 18, Defendant avers that the relationship between Novant and DLD is governed by Novant and DLD's agreement or agreements, which in their entirety speak for themselves.  Defendant denies the allegations in Paragraph 18 to the extent they are inconsistent with any agreements between Novant and DLD, and otherwise denies the allegations in Paragraph 18 for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

19.     Answering Paragraph 19, Defendant avers that the allegations contained therein are legal arguments rather than statements of fact such

---

[1] "DLD" shall have the definition assigned to it in Plaintiff's complaint.

4

that no response is required.  To the extent a response is required, the allegations are denied.

20.    Answering the first sentence of Paragraph 20, Defendant avers that the Plan's governing documents in their entirety speak for themselves and Defendant denies the allegations in Paragraph 20 to the extent they are inconsistent with the Plan documents.  The second sentence of Paragraph 20 is a legal argument rather than statements of fact such that no response is required.  The third sentence of Paragraph 20 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

**B. Novant's Fiduciary Liability Insurance Policies**

21.    Answering Paragraph 21, Defendant admits that Travelers issued an insurance policy to Novant (the "Travelers Policy"), and that the Travelers Policy carried a $10 million limit of liability excess of a $15 million primary policy issued by Federal (the "Federal Policy" and together with the Travelers Policy, the "Policies").  Defendant otherwise responds that the Policies in their entirety speak for themselves and otherwise denies the allegations.

22.    Answering Paragraph 22, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations,

including the allegation the Federal Policy was attached to the Complaint served on Travelers.

23. Paragraph 23 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

24. Answering Paragraph 24, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

25. Answering Paragraph 25, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

26. Answering Paragraph 26, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

27. Answering Paragraph 27, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

28. Answering Paragraph 28, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

29. Answering Paragraph 29, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

30. Answering Paragraph 30, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

31. Answering Paragraph 31, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

32.     Answering Paragraph 32, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

33.     Answering Paragraph 33, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

34.     Answering Paragraph 34, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

35.     Answering Paragraph 35, Defendant admits it issued Wrap + Excess Policy No. 105642191 to Novant for the Policy Period for June 30, 2013 to June 30, 2014 and avers that the Travelers Policy in its entirety speaks for itself. Defendant denies the allegation the Travelers Policy was attached to the Complaint served upon Travelers.

36.     Answering Paragraph 36, Defendant admits that Travelers has not sought to void or rescind the Travelers Policy.  Paragraph 36 is otherwise denied as a conclusion of law to which no response is required.  To the extent a response is required, Defendant otherwise denies the allegations of Paragraph 36.

37.     Answering Paragraph 37, Defendant avers that the Travelers Policy in its entirety speaks for itself and otherwise denies the allegations.

38.     Answering Paragraph 38, Defendant avers that the Travelers Policy in its entirety speaks for itself and otherwise denies the allegations.

39.    Answering Paragraph 39, all allegations concerning Federal are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.  Paragraph 39 is otherwise denied.

## C. The Kruger Lawsuit and Kruger Settlement

40.    Answering Paragraph 40, Defendant avers that the complaint filed in the Kruger Lawsuit[2] speaks for itself and otherwise denies the allegations.

41.    Answering Paragraph 41, Defendant avers that the complaint filed in the Kruger Lawsuit speaks for itself and otherwise denies the allegations.

42.    Answering Paragraph 42, Defendant avers that the complaint filed in the Kruger Lawsuit speaks for itself and otherwise denies the allegations.

43.    Paragraph 43 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

44.    Paragraph 44 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

45.    Paragraph 45 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

---

[2] "Kruger Lawsuit" shall have the meaning assigned to it in Plaintiff's complaint.

8

46.     Paragraph 46 is denied.

47.     Paragraph 47 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

48.     Paragraph 48 is admitted.

49.     Paragraph 49 is denied.

50.     Answering Paragraph 50, Defendant avers that the settlement agreement filed in the Kruger Lawsuit in its entirety speaks for itself. Travelers denies any allegations in Paragraph 50 to the extent they are inconsistent with the settlement agreement in the Kruger Lawsuit and otherwise denies the allegations in Paragraph 50.

### D. Defendants' Breaches of the Insurance Policies and Bad Faith[3]

51.     Paragraph 51 is denied.

52.     Paragraph 52 is denied.

53.     Answering Paragraph 53, Defendant admits that Federal denied coverage for the settlement in the Kruger Lawsuit and that Federal's position has been set forth in writing.    Defendant otherwise denies Plaintiff's characterization of Federal's position and otherwise denies the allegations in Paragraph 53.

54.     Paragraph 54 is denied.

---

[3] This subsection is labeled "E" in Plaintiff's complaint.

9

55.     Defendant avers that the first sentence of Paragraph 55 is a conclusion of law to which no response is required, and to the extent a response is required, the first sentence is denied.  As to the second sentence of Paragraph 55, Defendant avers that the Plan's governing documents in their entirety speak for themselves and Defendant otherwise denies the allegations.   The third sentence of Paragraph 55 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

56.     Paragraph 56 is denied.

57.     Paragraph 57 is denied.

58.     Answering Paragraph 58, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

59.     Answering Paragraph 59, Defendant avers that the Federal Policy in its entirety speaks for itself and otherwise denies the allegations.

60.     Answering Paragraph 60, Defendant admits that Travelers adopted Federal's coverage position and that the endorsements to the Travelers Policy speak for themselves.   Defendant otherwise denies Paragraph 60.

61.     Paragraph 61 is denied.

62.     Paragraph 62 is denied.

63. Paragraph 63 is denied.

64. Paragraph 64 is denied as to Travelers. Defendant denies all allegations concerning Federal for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. Paragraph 67 is a conclusion of law to which no response is required.

68. Paragraph 68 is a conclusion of law to which no response is required.

69. Paragraph 69 is a conclusion of law to which no response is required.

70. Paragraph 70 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

71. Answering the first sentence of Paragraph 71, Defendant admits that Travelers' obligations are governed by the Travelers Policy, including its endorsements, in its entirety. Travelers admits the second and third sentences of Paragraph 71.

72. Paragraph 72 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

11

73.     Paragraph 73 is denied.

## AS TO THE "FIRST CLAIM FOR RELIEF"

74.     Travelers' responses to Paragraphs 1-73 are incorporated by reference as if fully set forth herein.

75.     Paragraph 75 is a conclusion of law to which no response is required.

76.     Defendant admits that it consented to the settlement of the Kruger Lawsuit while reserving all other rights under the applicable Policies and at law.  Defendant otherwise denies the allegations in Paragraph 76, including all subsections other than subsection (f).

## AS TO THE "SECOND CLAIM FOR RELIEF"

77.     Travelers' responses to Paragraphs 1-76 are incorporated by reference as if fully set forth herein.

78.     Paragraph 78 is directed toward Federal and therefore no response is required from Defendant.  To the extent a response is required, Paragraph 78 is denied.

79.     Paragraph 79 is directed toward Federal and therefore no response is required from Defendant.  To the extent a response is required, Paragraph 79 is denied.

12

80.     Paragraph 80 is directed toward Chubb and therefore no response is required from Defendant.  To the extent a response is required, Paragraph 80 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

81.     Paragraph 81 is directed toward Federal and therefore no response is required from Defendant.  To the extent a response is required, Paragraph 81 is denied.

82.     Paragraph 82 is directed toward Federal and therefore no response is required from Defendant.  To the extent a response is required, Paragraph 82 is denied.

83.     Paragraph 83 is directed toward Federal and therefore no response is required from Defendant.  To the extent a response is required, Paragraph 83 is denied.

AS TO THE "THIRD CLAIM FOR RELIEF"

84.     Travelers' responses to Paragraphs 1-83 are incorporated by reference as if fully set forth herein.

85.     Paragraph 85 is denied.

86.     Paragraph 86 is denied.

87.     Paragraph 87 is denied.

88.     Paragraph 88 is denied.

13

89. Paragraph 89 is denied.

90. Paragraph 90 is denied.

<u>AS TO THE "FOURTH CLAIM FOR RELIEF"</u>

91. Travelers' responses to Paragraphs 1-90 are incorporated by reference as if fully set forth herein.

92. Paragraph 92 is directed toward Federal and therefore no response is required from Defendant. To the extent a response is required, Paragraph 92 is denied.

93. Paragraph 93, including all of its subsections, is directed toward Federal and therefore no response is required from Defendant. To the extent a response is required, Paragraph 93, including all of its subsections, is denied.

94. Paragraph 94 is directed toward Federal and therefore no response is required from Defendant. To the extent a response is required, Paragraph 94 is denied.

95. Paragraph 95 is directed toward Federal and therefore no response is required from Defendant. To the extent a response is required, Paragraph 95 is denied.

## AS TO THE "FIFTH CLAIM FOR RELIEF"

96.     Travelers' responses to Paragraphs 1-95 are incorporated by reference as if fully set forth herein.

97.     Answering Paragraph 97, Defendant admits that the Travelers Policy in its entirety speaks for itself and governs Travelers' obligations. Paragraph 97 otherwise consists of conclusions of law to which no response is required.  To the extent a response is required, Paragraph 97 is otherwise denied.

98.     Paragraph 98, including all of its subparts, is denied.

99.     Paragraph 99 is denied.

100.    Paragraph 100 is denied.

## AS TO THE "SIXTH CLAIM FOR RELIEF"

101.    Travelers' responses to Paragraphs 1-100 are incorporated by referenced as if fully set forth herein.

102.    Paragraph 102, including all of its subparts, is directed toward Federal and therefore no response is required from Defendant.  To the extent a response is required, Paragraph 102, including all of its subparts, is denied.

103.    Paragraph 103 is directed toward Federal and therefore no response is required from Defendant.  To the extent a response is required, Paragraph 103 is denied.

104. Paragraph 104 is directed toward Federal and therefore no response is required from Defendant. To the extent a response is required, Paragraph 104 is denied.

105. Paragraph 105 is directed toward Federal and therefore no response is required from Defendant. To the extent a response is required, Paragraph 105 is denied.

106. Paragraph 106 is directed toward Federal and therefore no response is required from Defendant. To the extent a response is required, Paragraph 106 is denied.

<u>AS TO THE "SEVENTH CLAIM FOR RELIEF"</u>

107. Travelers' responses to Paragraphs 1-106 are incorporated by referenced as if fully set forth herein.

108. Paragraph 108, including all of its subparts, is denied.

109. The allegations of Paragraph 109 consist of legal conclusions to which no response is required. To the extent a response is required, Paragraph 109 is denied.

110. Paragraph 110 is denied.

111. Paragraph 111 is denied.

112. Paragraph 112 is denied.

## ANSWER TO NOVANT'S "REQUEST" TO THE COURT

113.   Answering Paragraph 1, it is denied that Plaintiff is entitled to a trial by jury or that any of Plaintiff's claims are triable.

114.   Answering Paragraph 2, it is denied that Plaintiff is entitled to any relief of any nature.

115.   Answering Paragraph 3, it is denied that Plaintiff is entitled to any relief of any nature.

116.   Answering Paragraph 4, it is denied that Plaintiff is entitled to any relief of any nature.

117.   Answering Paragraph 5, it is denied that Plaintiff is entitled to any relief of any nature.

118.   Answering Paragraph 6, it is denied that Plaintiff is entitled to any relief of any nature.

119.   Answering Paragraph 7, it is denied that Plaintiff is entitled to any relief of any nature.

120.   Answering Paragraph 8, it is denied that Plaintiff is entitled to any relief of any nature.

## SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Some or all of the Complaint fails to state a claim as to Defendant upon which any relief can be granted and should, therefore, be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the terms, conditions, exclusions and limitations contained in the Federal Policy.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the terms, conditions, exclusions and limitations contained in the Travelers Policy, which affords coverage in accordance with and subject to the Federal Policy except as otherwise provided therein.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent they seek coverage for individuals and/or entities who are not **Insureds**[4] as that term is defined by the Federal Policy and/or the Travelers Policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent they seek

---

[4] Bold and capitalized terms shall have the definitions assigned to them by the Policies.

coverage for matters that are not **Fiduciary Claims** as that term is defined by the Federal Policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent the Kruger Lawsuit is treated as first made prior to the Policy Period of the Travelers Policy because it constitutes a Related Claim with the Department of Labor investigation referenced in paragraph 55 of the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent coverage is precluded by Section 5(b) of the Fiduciary Liability Coverage Section of the Federal Policy, as amended by Endorsement 7.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent coverage is precluded by Section 4(m) of the Fiduciary Liability Coverage Section of the Federal Policy, as amended by Endorsement 10.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff seeks coverage for amounts that do not constitute **Loss** as that term is defined by the Fiduciary Liability Coverage Section of the Federal Policy and/or are uninsurable under the law pursuant to which the policy is

19

construed per subparagraph (f) of the definition of Loss in the Federal Policy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent coverage is precluded pursuant to Exclusion 4(j) of the of the Fiduciary Liability Coverage Section of the Federal Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Novant offered to settle the Kruger Lawsuit without Travelers' prior written consent contrary to Section 11(c) of the Fiduciary Liability Coverage Section of the Federal Policy.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Section 11(d) of the Fiduciary Liability Coverage Section of the Federal Policy provides that the **Insureds** agree to provide the Company with all information, assistance and cooperation which the Company may reasonably require and agree that in the event of a **Claim** the **Insureds** will do nothing that could prejudice the Company's position or its potential or actual rights of recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Section 3(A) of the Travelers Policy provides that Travelers "shall only be liable to make

payment under this policy after the total amount of all **Underlying Limits of Liability** has been paid in legal currency by the issuers of all **Underlying Insurance** as covered loss thereunder."

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred in whole or in part because Section 3(E) of the Travelers Policy, as amended by Endorsement, provides that:

Notwithstanding any of the terms of this policy which might be construed otherwise, the policy shall drop down only in the event of reduction or exhaustion of the **Underlying Insurance** as described above, and shall not drop down for any reason including, but not limited to, uncollectability, in whole or in part, of any **Underlying Insurance**; provided that:

1. an **Insured** may pay a portion of loss that would otherwise be payable as covered loss by an issuer of any **Underlying Insurance**; and

2. the Insurer's obligation to pay covered loss under this policy shall not exceed the amount stated in Item 3 of the Declarations multiplied by the lowest percentage that the covered loss paid by any financially solvent issuer of **Underlying Insurance** bears to such issuer's limit of liability.

The risk of uncollectability of the **Underlying Insurance**, in whole or in part, whether because of financial impairment or insolvency of an underlying insurer or for any other reason, is expressly retained by the **Insured**(s) and is not in any way or under any circumstances insured or assumed by the Insurer.

If the Insured pays a portion of covered loss pursuant to this policy, such **Insured** will provide the Insurer with satisfactory evidence of the Insured's payment in legal currency. This accommodation by the Insurer will not alter in any way any

21

obligation or right the Insurer may have as respects any other claim or loss under this policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Travelers has no obligation to provide indemnification unless and until Plaintiff has demonstrated that covered **Loss** has reached Traveler's excess layer.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and the equitable doctrines of waiver, laches, and estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed to mitigate its own damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff has suffered any damage or injury. Alternatively, to the extent that Plaintiff alleges that it was injured, such injury was caused, in whole or in part, by persons, entities or factors unrelated to Defendant, including without limitation Plaintiff itself. Further, Defendant denies that it directed, authorized, or ratified any such actions.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages or penalties, such a

claim would be barred based on constitutionality grounds, as well as because no actions regarding coverage under the Travelers Policy were taken with any malice or reckless indifference to any protected rights and all such actions were reasonable and taken in good faith.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that it failed to satisfy all jurisdictional, statutory, regulatory, and administrative prerequisites and conditions precedent for bringing those claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant specifically denies that any act or omission on its part was the actual cause in fact of any injury or damage to Plaintiff. Defendant pleads lack of actual causation in defense of and in bar of any claim for relief against Defendant in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant specifically denies that any act or omission on its part was the proximate cause of any injury or damage to Plaintiff. Defendant pleads lack of proximate causation in defense of and in bar of any claim for relief against Defendant in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant did not make any misrepresentations to Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Under North Carolina law, an insured has a duty to read an insurance policy and is charged with knowledge of its contents. Accordingly, Defendant asserts that any claim which is based upon an alleged misrepresentation, inducement or reliance on such a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue. Defendant's actions or inactions were not a producing cause of damages, injury or loss suffered by Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant cannot be liable to Plaintiff for its claims based on any purported misrepresentations by Defendant because Plaintiff cannot show how it relied upon any such representations, even if they were erroneous.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claim for damages includes a claim for punitive damages, such damages are barred under N.C. Gen. Stat. § 1D-1 *et seq.* Defendant pleads all defenses, rights, remedies, immunities, and limits set forth in N.C. Gen. Stat. § 1D-1 *et seq.* in bar of Plaintiff's right to recover punitive damages in this case.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant did not breach any contractual or other legal duty owed to Plaintiff. Defendant had a reasonable basis for its actions and the explanation of its position to Plaintiff was timely and reasonable.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Plaintiff's assumption of the risk of its own purported loss.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The doctrine of election of remedies bars some or all of Plaintiff's claims in the Complaint. Plaintiff should be required to promptly elect between inconsistent claims.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant hereby adopts and incorporates by reference as if fully set forth herein any other applicable defenses raised in response to the Plaintiff's claims by any other defendant.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses, denials and avoidances, which discovery and/or investigation may disclose as appropriate.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff knows or should know that its claim against Defendant for

25

punitive damages is frivolous and malicious, and Defendant is therefore entitled to have its reasonable attorneys' fees taxed against Plaintiff pursuant to N.C.G.S. § 1D-45.

THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff knows or should know that its claim against Defendant for unfair and deceptive trade practices is frivolous and malicious, and Defendant is therefore entitled to have the court costs of this action, including its reasonable attorneys' fees, taxed against Plaintiff pursuant to N.C.G.S. § 75-16.1(2).

WHEREFORE, Defendant, having answered the Complaint of Plaintiff, respectfully prays that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice;

2. Plaintiff have and recover nothing of it;

3. Defendant have and recover all appropriate costs, expenses, and fees, including without limitation attorneys' fees pursuant to any and all applicable law, including reasonable attorneys' fees, as permitted by N.C.G.S. §§ 1D-45 and 75-16.1(2); and

4. Defendant have and recover such other and further relief as to the Court may seem just and proper.

## COUNTERCLAIM

Defendant paid approximately $4.05 million toward the settlement of the Kruger Lawsuit under a reservation of rights to seek reimbursement. Defendant's Counterclaim therefore seeks reimbursement from Novant of the amount Travelers paid toward the settlement of the Kruger Lawsuit should it be determined that such amounts are not covered under the Travelers Policy. Defendant further reserves the right to assert additional counterclaims as necessary or appropriate.

Respectfully submitted this 23rd day of June, 2017.

s/ C. Grainger Pierce, Jr.
C. Grainger Pierce, Jr.
N.C. Bar No. 27305
Nexsen Pruet, PLLC
227 West Trade Street, Suite 1550
Charlotte, NC  28202
Telephone: (704) 339-0304
Fax: (704) 805-4712
E-mail:  gpierce@nexsenpruet.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the court using the CM/ECF system. In the event that notification pursuant to the CM/ECF system cannot be sent to counsel of record, I hereby certify that the foregoing document was duly served upon the Parties' counsel in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure by depositing it in the U.S. Mail, first-class postage prepaid, addressed as follows:

Mr. L.D. Simmons, II                     Ms. Tracey L. Eggelston
201 North Tryon Street, Suite 3000       301 S. College Street, Suite 2100
Charlotte, NC 28202                      Charlotte, NC 28202
*Counsel for Plaintiff*                  *Counsel for Co-Defendant*

Respectfully submitted this 23rd day of June, 2017.

<u>s/ C. Grainger Pierce, Jr.</u>
C. Grainger Pierce, Jr.
N.C. Bar No. 27305
Nexsen Pruet, PLLC
227 West Trade Street, Suite 1550
Charlotte, NC 28202
Telephone: (704) 339-0304
Fax: (704) 805-4712
E-mail: gpierce@nexsenpruet.com